FILED

2017 Aug-04  AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **KEITH SIMMONS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| **v.** | ) | |
| | ) | _____ |
| **LAVENDER, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Keith Simmons, by and through his attorney, and brings this action against Lavender, Inc. Plaintiff contends that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (hereinafter "Title VII) by wrongfully retaliating against him, in contravention of the protections of that statute, for asserting Title VII claims against Defendant.   In support thereof, Plaintiff states the following:

## JURISDICTION AND VENUE

1.    This action is brought pursuant to 42 U.S.C. § 2000e, et seq. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331.

2.     The retaliation claim alleged herein was committed in Pickens County, Alabama, which is within the jurisdiction of the Northern District of Alabama. This Court has personal jurisdiction over the Defendant for the purposes of this lawsuit. This action is brought within the state where the Defendant's business is located, where the Plaintiff was employed by the Defendant, and where the unlawful employment practices were committed, making venue proper under 28 U.S.C. §1391.

## PARTIES

3.     Plaintiff Keith Simmons is a male citizen of the United States and a resident of Tuscaloosa County, Alabama. At all times material to this Complaint, Plaintiff was a resident of this Judicial District and Division.

4.     Defendant Lavender, Inc. (hereinafter "Lavender" or "Defendant") is a domestic corporation registered to do business in the state of Alabama and that does business in the Western Division of the Northern District of the State of Alabama by operating a metal fabrication, design, and construction facility at Route 2, Box 214, Aliceville, AL 35442. At all times relevant to this lawsuit, Lavender has continuously been an employer as that term is defined by Title VII, and Title VII applies to Lavender as an employer. Lavender was the Plaintiff's employer as defined by Title VII during the times relevant to this lawsuit. Defendant Lavender retaliated against Plaintiff in violation of 42 U.S.C. § 2000e.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      The Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the occurrence of Defendants' unlawful employment practices. On May 8, 2017, the EEOC issued to the Plaintiff a "Dismissal and Notice of Rights" letter, including a "Notice of Suit Rights," which was received by the Plaintiff on or about May 11, 2017 (a copy of which is attached hereto as Exhibit "A").

## FACTUAL SUMMARY

6.      Plaintiff incorporates and re-alleges paragraphs 1-5 of this Complaint as if set forth fully herein.

7.      Lavender operates a metal fabrication, design, and construction facility in Aliceville, Alabama.

8.      In or about March of 2012, Plaintiff was hired at Lavender as a pipe welder.

9.      In August of 2014, Plaintiff made a claim and demands against Lavender, asserting violations of Title VII of The Civil Rights Act of 1964 regarding his employment, which was investigated by Lavender.  A settlement was entered into by Plaintiff and Lavender on said claims in or about November of 2014.

10.     Plaintiff then continued to work for Lavender but soon after began to suffer retaliatory and adverse actions and conditions in his employment, including, but not limited to, micromanagement, scrutiny, criticism, negative comments, and improper discipline that did not occur prior to Plaintiff's claim.  Plaintiff was also given worse work duties, conditions and assignments, including, but not limited to, less favorable work locations.  However, as the Plaintiff needed employment and wages, he endured it.

11.     Unfortunately, Plaintiff's work situation and environment continued to worsen until Lavender's practice of retaliation culminated in the Plaintiff being wrongfully terminated in August of 2016 for alleged reasons that were, in fact, false and/or based on inaccurate or untrue facts, which was known to Lavender at the time of the wrongful termination.  Further, the wrongful termination (along with the remainder of the retaliatory practices) was inconsistent with company practices that applied to the Plaintiff before his claim, and to employees who had not made employment claims.

**COUNT ONE – Violation of Title VII of the Civil Rights Act of 1964**

12.     The Plaintiff incorporates and re-alleges paragraphs 1-11 of this complaint as if set forth fully herein.

13.     The aforementioned claims amount to unlawful, under Title VII, retaliation for Plaintiff's protected participation in his previous Title VII claims

against the Defendant. Defendant has engaged in intentional retaliation and has done so with malice or reckless indifference to the federally protected rights of the Plaintiff.

14.    As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, among other damages, the abrupt loss of his employment, emotional distress, and/or loss of wages and other compensation.

15.    The Defendant's acts were intentional and/or taken with reckless indifference to the Plaintiff's federally protected rights, thus entitling the Plaintiff to an award of non-pecuniary damages.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully requests that this Court grant the following relief:

(a)    Grant the Plaintiff a declaratory judgment that the practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964;

(b)    Grant the Plaintiff the appropriate amount of back pay, front pay, loss of employment benefits, compensation for emotional distress and/or pain, suffering and inconvenience, and other damages for the unlawful and discriminatory practices of the Defendant;

(c)    Grant the Plaintiff an award of all compensatory and/or punitive damages available to make him whole;

(d)     Award the Plaintiff his costs and expenses, including a reasonable attorney's fee; and

(e)     Award such other and further relief as may be permitted by statute or as may be just and proper.

Dated this 4th day of August, 2017.

Respectfully Submitted,

**/s/ David A. Hughes**
David A. Hughes (ASB-3923-U82D)
Attorney for Plaintiff
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 344-6690
Fax: (205) 344-6188
E-mail: dhughes@hardinhughes.com

## JURY DEMAND

Plaintiff demands a trial by struck jury herein.

**/s/ David A. Hughes**
OF COUNSEL

**Please serve Defendant at:**
Lavender, Inc.
Rte. 2 Box 214
Aliceville, AL 35442